**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., ) | No. CV-05-3517-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| PAUL R. WISS, and JCDecaux ) | |
| Defendants. ) | |

The court has before it Clear Channel's application for preliminary injunction (doc. 2), Wiss and JCDecaux's response, and Clear Channel's reply. We held an evidentiary hearing on the application on December 16, 2005. These are our findings and rulings under Rule 52(a), Fed. R. Civ. P.

This is an action brought by Clear Channel against Wiss and JCDecaux seeking to enjoin Wiss from performing services for JCDecaux in the New York area that "are substantially the same services as [Wiss] provided to [Clear Channel] under the existing employee non-competition agreement" between Wiss and Clear Channel. Clear Channel also seeks to enjoin JCDecaux from interfering with its contract with Wiss.

In granting or denying preliminary injunctive relief, we look to the probability of success on the merits and the possibility of irreparable injury, or the existence of serious

1  questions and the balance of hardships. See Preminger v. Principi, 422 F.3 815, 823-24 (9th
2  Cir. 2005).

3  The fundamental factual dispute that divides the parties is whether Wiss' work for
4  JCDecaux is substantially the same as the work he performed for Clear Channel. On the
5  evidence before us, we find that Wiss' major contribution to Clear Chanel was in acquiring
6  and leasing real property and applying for the appropriate permits to put billboards on the
7  property. JCDecaux's contract with the New York Port Authority does not require the
8  acquisition or leasing of real property. All billboards will be put up on property already
9  within the control of the New York Port Authority. Moreover, to the extent that there are
10 any permit requirements, the permitting process will be that of the New York Port Authority
11 rather than a private entity. Thus, while it is true that the result of Wiss' work for JCDecaux
12 may affect Clear Channel's business in the New York area, these competitive injuries are not
13 within the scope of paragraph 4(e) of the non-competition agreement. Although there are
14 some similarities between the work Wiss performed at Clear Channel and the work he will
15 be performing for JCDecaux , we cannot say that they are "substantially the same" within the
16 meaning of paragraph 4(e).

17 Turning then to the question of hardship, we find that the loss Clear Channel will
18 suffer flows from the loss of the New York Port Authority contract and not Wiss' departure
19 from Clear Channel and employment by JCDecaux. Moreover, even if the services were
20 substantially the same within the meaning of the contract, paragraph 4(e) would protect Clear
21 Channel for only twelve months, and not for the full ten year term of the New York Port
22 Authority contract. We thus do not find that Clear Channel will be irreparably injured in the
23 absence of injunctive relief. On the other hand, we do find that Wiss would be damaged if
24 he could not work in the business in which he has skills. Moreover, the public interest is
25 certainly advanced by the free flow of goods and services, and not anti-competitive
26 agreements.

27 In light of these findings, we conclude that Clear Channel has failed to show a
28 probability of success on the merits and the possibility of irreparable injury. Moreover, Clear

1  Channel has also failed to show the existence of serious questions and the balance of
2  hardships tips in its favor. Thus, under either prong of the standard, Clear Channel has failed
3  to show that it is entitled to preliminary injunctive relief under Rule 65, Fed. R. Civ. P.
4       Accordingly, IT IS ORDERED DENYING Clear Channel's application for
5  preliminary injunction (doc. 2).
6       DATED this 20th day of December, 2005.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge